Arbitration Services, Inc.
7600 Jericho Turnpike, Suite 402, Woodbury, NY 11797 - Tel: 516.364.1730, Fax: 516.364.3456

# Arbitration Services, Inc.
# COMMERCIAL ARBITRATION RULES

Effective July 1, 2006 Arbitration Services, Inc.
7600 Jericho Tpke
Woodbury, New York 11797
eMail: administrator@arbitrationservicesinc.com

## TABLE OF CONTENTS

(You may scroll down or click on a Section Title)

1. Agreement Of Parties

2. Name Of Arbitration Panel

3. Administrator And Delegation Of Duties

4. Panel Of Arbitration

5. Local Offices

6. Initiating Arbitration By Demand, Answer And Counterclaim

7. Initiation Under A Submission

8. Change Of Claim

9. Number Of Arbitrators

10. Qualifications Of An Arbitrator

11. Appointment Of Arbitrators

a. Expedited Arbitration Involving Disputes Under 100,000.00

b. Arbitration's Involving Disputes Over $100,001.00

12. Vacancies

13. Date, Time, And Place Of Hearing

14. Representation By Counsel

15. Discovery Proceedings

16. Stenographic Record, Video Taping And Audio Recording

17. Interpreters

18. Attendance At Hearings

19. Postponements

20. Oaths

21. Awards

22. Order Of Proceedings And Communication With Arbitrator

23. Arbitration In The Absence Of A Party

24. Evidence

25. Evidence By Affidavit Or Other Evidence; Hearings on document ; submission; Motions; telephone appearances.

26. Inspection

27. Interim and Injunctive Relief

28. Closing Of Hearing

29. Reopening Of Hearing

30. Waiver Of Oral Hearing

31. Waiver Of Rules

32. Extensions of Time

33. Serving Notices And Papers

34. Time Of Award

35. Form Of Award

36. Scope Of Award

37. Award Upon Settlement

38. Delivery Of Award To Parties and Confirmation of Award

39. Release Of Documents For Judicial Proceedings

40. Applications To Court And Exclusion Of Liability

41. Administrative Fee

42. Schedule Of Fees

43. Expenses

44. Arbitrator's Compensation

45. Deposits

46. Interpretation And Application Of Rules

47. Notice By Telephone

**1. Agreement Of Parties**

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the **Arbitration Services Incorporated** (**hereinafter ASI**) or under its Commercial Arbitration Rules. These rules and any amendment to them shall apply at the time the demand for arbitration or submission agreement is received by ASI. The parties by written agreement, may vary the procedures set forth in these rules.

**2. Name of Arbitration Panel**

Any tribunal constituted by the parties for the settlement of their dispute under these rules shall be called the Commercial Arbitration Panel.

**3. Administrator And Delegation of Duties**

When parties agree to arbitrate under these rules, or when they provide for arbitration by ASI and an arbitration is initiated under these rules, they thereby authorize ASI to exclusively administer the arbitration. The authority and duties of ASI are prescribed in the agreement of the parties and in these rules, and shall be administered by ASI pursuant to these rules, as amended from time to time. The arbitrator shall be empowered to interpret and determine the application of all provisions under these rules, including the issue of arbitrability, and take appropriate action to obtain compliance with any ruling. The Chief Administrator shall be charged with the administration of cases arbitrated under these rules, and the Chief Administrator may appoint Regional Administrators and Case Administrators as needed.

**4. Panel of Arbitration**

ASI shall establish and maintain a Panel of Arbitrators and shall appoint arbitrators as provided in these rules.

**5. Local Offices**

ASI may, in its discretion, assign the administration of an arbitration to any of its local offices, and will endeavor to assign an arbitration to the local office closest to the claimant. If the arbitration agreement between the parties designates a particular venue ASI will assign the arbitration to its local office closest to the venue designated by the parties.

**6. Initiating Arbitration By Demand, Answer And Counterclaim**

Initiation of an Arbitration when provided for in the arbitration agreement shall be initiated in the following manner:

a. The initiating party (hereinafter Claimant) shall, within the time period, if any, specified in the arbitration agreement, give written notice to the other party (hereinafter Respondent) of its Demand to arbitrate (demand), which notice shall contain a statement setting forth the nature of the dispute, the monetary amount involved, if any, other relief sought, and

b. shall file at the office of ASI three copies of the Demand and three copies of the agreement providing for arbitration, three copies of a detailed statement of Claimant's claim and factual allegations supporting Claimant's position, together with the appropriate filing fee as provided for in the schedule of fees set forth herein.

c. ASI shall give notice of such filing to the Respondent or Respondents within five days.

    d. A Respondent must file an answering statement in duplicate with ASI within fifteen days after notice from ASI, in which event the Respondent shall at the same time send a copy of the answering statement to the Claimant and any counterclaim Respondent may want to assert.

    e. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, factual allegations supporting Respondent's position, the monetary amount involved, if any, and any other relief or remedy sought. If a counterclaim is made, the appropriate fee provided in the schedule of fees herein shall be forwarded to ASI with the answering statement and counterclaim.

    f. If no answering statement is filed within the stated time Respondent shall be deemed to be in default.

    g. A party's failure to pay the appropriate arbitrator fee requested by ASI shall constitute a default and the defaulting party's claim, answer, counterclaim or answer to counterclaim shall not be considered.

    h. Failure to file an answering statement shall not operate to delay the arbitration.

    i. A counterclaim filed without the appropriate filing fee shall not be considered.

    j. A Claimant may file an answer to the counterclaim by filing a statement of Claimant's position with respect to the counterclaim in duplicate with ASI with a copy to Respondent. If an answer to the counterclaim is not filed the Claimant shall be deemed to deny the allegations of the counterclaim and Respondent's right to any relief thereto.

**7. Initiating Under A Submission**

Parties to any existing dispute may commence an arbitration under these rules by filing with ASI three copies of a written submission to arbitrate under these rules, signed by the parties. It shall contain a statement of the matter in dispute, the monetary amount involved, if any, any other relief or remedy sought, factual allegations supporting the Claimant's position and Respondent's position, and the hearing locale requested, together with the appropriate filing fee (or fees if a counterclaim is filed) as provided in the schedule of fees herein.

**8. Change Of Claims**

After filing of a claim if either party desires to make any new or different claim or counterclaim, the claim or counterclaim shall be made in writing and filed in duplicate with ASI, and a copy shall be mailed to the other party, who shall have a period of ten days from the date of such mailing within which to file an answer with ASI and a copy to the other party. Any amendment must be accompanied by the appropriate filing fee as provided for the schedule of fees herein. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

**9. Number Of Arbitrators**

Where the claim or counterclaim is $150,000.00 or less there shall be one arbitrator. Where the claim or counterclaim exceeds $150,000.00 there shall be three arbitrators unless the parties request and consent to one arbitrator.

**10. Qualifications Of An Arbitrator**

Arbitrators shall be fair and impartial. An arbitrator shall disclose to ASI any circumstances which may affect impartiality, bias or any financial or personal interest in the arbitration or any personal relationship with the parties, their witnesses or counsel. Arbitrators shall be appointed from ASI's panel of arbitrators, subject to recusal or disqualification. The Chief Administrator may serve as arbitrator. In the event the parties request and consent to the appointment of an arbitrator who is not on ASI's panel, such arbitrator shall first qualify for appointment pursuant to ASI rules for arbitrators then in effect and agree to comply with ASI rules and procedures. Notwithstanding such qualification ASI reserves the right not to appoint the arbitrator requested by the parties.

   The term "arbitrator" in these rules refers to the arbitration panel, whether composed of one or more arbitrators.

**11. Appointment of Arbitrators**

   a. Expedited Arbitration Involving Disputes no greater than $150,000.00 exclusive of attorneys' or other professional fees

Where neither a claim nor counterclaim seeks monetary damages exceeding $150,000 a single arbitrator shall be selected by ASI and designated to conduct the arbitration proceeding. ASI shall notify the parties of the designation of the single arbitrator and the parties shall have 5 days in which to notify ASI of their objection for cause requesting the disqualification of the designated arbitrator in which event ASI shall select another arbitrator to conduct the arbitration. If either of the parties object to the second designated arbitrator, then an arbitrator shall be selected in accordance with Rule 11b.

   b. Arbitration's Involving Disputes greater than $150,000.00

Upon the filing of the demand for arbitration where the amount sought is greater than $150,000, ASI shall select a single arbitrator. Within ten days, either party may, by writing delivered to ASI and all parties to the proceeding, demand that the claim be heard by a panel of three arbitrators. Upon receipt of such demand ASI, send to each party an identical list of names of persons chosen from the panel. Within ten days thereafter, each party shall return the list to ASI striking those names objected to and numbering the remaining names in order of priority of preference. A party may challenge three names without cause or explanation. Additional challenges for cause shall be permitted and the party making the challenge shall explain the nature of the objection. ASI reserves the right to determine if the objection is sufficient to disqualify the arbitrator. ASI shall not disclose to arbitrators any objections or communication relating to the selection process.

When returning the panel list each party shall pay the required arbitration fee deposit specified in the notice for selection of arbitrators. A party who fails to timely return the list shall be deemed to have accepted all selected panel members. Failure to timely pay arbitrator fees shall constitute a default and the defaulting party's claim, or counterclaim as the case may be, shall be dismissed. If additional panel members are needed another list will be sent to the parties for selection within the time specified in the notice from ASI, which shall not exceed ten days.

**12. Vacancies**

If for any reason an arbitrator is unable to perform the duties of the office, ASI may declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules for selection of arbitrators.

   In the event of a vacancy in a panel of three arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless all parties agree otherwise and request that a new panel be appointed, in which event the arbitrators who had previously been selected will again submit to the selection process. Upon consent of all parties arbitrators serving in the matter may continue without submitting to the selection process and only the vacancy will be filled and the hearing continued.

**13. Date, Time And Place Of Hearing**

The arbitrator shall set the date, time, and place for each hearing. ASI shall send a notice of hearing to the parties at least ten days in advance of the hearing date. Hearings that take more than one session shall, at the arbitrator's discretion, be conducted day to day until completed.

**14.   Representation By Counsel**

Unless excused by ASI, a Claimant, a Respondent asserting a counterclaim and any party who is an entity other than a natural person, must be represented by an attorney at law admitted to practice in the locale where the arbitration is to be conducted, or where the arbitration agreement was made, or who is admitted to practice in any other state upon consent by ASI, which consent shall not unreasonably be withheld, and further provided that the jurisdiction in which the arbitration is being held does not prohibit attorneys not admitted in that jurisdiction from representing parties in arbitration proceedings. A natural person may appear pro se and may have an attorney at law appear at any time in the proceedings. An attorney appearing for a party shall note his appearance with ASI, and all papers submitted to ASI shall include the attorney's firm name, attorney responsible for the matter, office address, telephone number, fax number, e-mail address, and identification number if required by the State in which the attorney is licensed to practice.

**15.   Discovery Proceedings**

   a. Discovery proceedings that are available in the civil rules of practice in the state court jurisdiction where the arbitration proceeding is conducted may be available to the parties upon a party's request at the discretion of ASI or the arbitrator, if one has been appointed, and upon such conditions as ASI or the arbitrator shall impose, but discovery shall not without good cause unduly delay the hearing schedule.

   b. In any arbitration involving a claim or counterclaim in which the amount in controversy exceeds $25,000 the parties shall be entitled to conduct discovery subject to such conditions and schedule as ASI or the arbitrator shall direct.

**16.   Stenographic Record, Video Taping And Audio Recording**

Any party desiring a stenographic record, video taping or audio recording of the hearing shall make arrangements in advance of the hearing. The requesting party or parties shall pay the cost of the record, tape or recording. If the transcript, video audio recording, is agreed by the parties to be, or determined by the arbitrator to be, the official record of the proceeding, a copy must be given to the arbitrator and the other parties must be given the opportunity to inspect the transcript, video or audio recording, at a date, time, and place determined by the arbitrator, but a party making such inspection who wishes a copy of the transcript, video or audio recording must first share equally in the cost thereof with the party who initially ordered and paid for the transcript, video or audio recording, as well as the reproduction of the copy.

**17.   Interpreters**

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service. An attorney may not act as interpreter and attorney for the same witness without consent of the arbitrator.

**18.   Attendance At Hearings**

The arbitrator shall maintain the privacy of the hearings unless the law provides to the contrary. Only parties, officers of corporations and their counsel are entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person.

**19.   Postponements**

The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative.

**20.   Oaths**

Before proceeding with the first hearing an arbitrator shall take an oath of office and file same with ASI. The arbitrator shall require witnesses to testify under oath or under penalty of perjury, such oath to be administered by any duly qualified person or the arbitrator.

**21.   Awards**

A single arbitrator shall render the award. Where there is more than one arbitrator, the award of the arbitrators must be by a majority unless the concurrence of all is expressly required by the arbitration agreement or by law.

**22.   Order Of Proceedings And Communication With Arbitrator**

   a. Prior to commencement of a hearing the parties shall have filed their respective claim, answer, counterclaim, answer to counterclaim, or pursuant to these rules waived the filing of such papers, and paid all appropriate fees. The arbitrator shall have filed an oath of office.

   b. The arbitration shall commence with the arbitrator noting and recording the names and addresses of the parties and their counsel, the papers filed with ASI and furnished to the arbitrator to be used in connection with the proceedings, the amount and relief demanded by each party in their papers.

   c. The arbitrator may request or permit opening statements by the parties. A party represented by counsel shall participate only through counsel except as permitted by the arbitrator.

   d. The arbitrator shall then hear testimony from the witnesses in the following order: the claimant presenting its case first, respondent's defense, claimant's rebuttal, respondent's counterclaim, claimant's answer, respondent's rebuttal. The order of testimony may be modified with the arbitrator's consent. All parties shall be given the full opportunity to present all material and relevant evidence. Each witness shall be subject to cross examination by all parties and the arbitrator shall be permitted to question the witness directly.

   e. Upon the conclusion of testimony the arbitrator may request or permit closing statements and the filing of post hearing memoranda of law or such other evidence the arbitrator deems appropriate.

   f. There shall be no direct communication between the parties and the arbitrator other than at hearings, unless the parties and the arbitrator agree otherwise. Any other oral or written communication from the parties to the arbitrator shall be directed to ASI for transmittal to the arbitrator.

**23.   Arbitration In The Absence Of A Party**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party who, after due notice pursuant to these rules, fails to appear at a hearing or is otherwise unable or unwilling to participate in the hearing. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

**24.   Evidence.**

a. The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

b. The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of the evidence shall not be necessary, unless the arbitration agreement provides that the rules of evidence and substantive laws of a particular jurisdiction shall be observed and enforced, subject to the interests of substantial justice and economy of the arbitration proceedings. An arbitrator may receive affidavits of witnesses and papers certified by counsel as true copies into evidence. All testimony evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where a party is in default in appearing or has waived the right to be present.

c. When there is more than one arbitrator ASI shall appoint an arbitration chairman who shall rule on matters of procedure and evidence and whose rulings shall govern unless the majority of arbitrators request a different ruling on a particular matter, which request must be made at the time of the initial ruling.

**25. Evidence By Affidavit Or Other Evidence**

a. The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

b. If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with ASI for transmission to the arbitrator unless directed otherwise by the arbitrator. All parties shall be afforded an opportunity to examine such documents or other evidence.

c. Upon consent of the parties and the arbitrator, the arbitrator may decide the dispute on submission of documents only, and without a hearing. ASI or the arbitrator shall obtain consent of the parties or their counsel in writing that they waive a hearing and that the matter shall be decided on submission of documents only. All documents submitted to the arbitrator shall be served on adverse parties. The arbitrator may, solely in the arbitrator's discretion, request additional documents or request that the parties appear for testimony before the arbitrator if the arbitrator is unable to render a decision on the documents only.

d. Motions for any relief may be made only on consent of ASI or the arbitrator, if one has been appointed, and on such conditions as ASI or the arbitrator may impose. Motions shall be decided by ASI or the arbitrator or panel of arbitrators, if appointed.

e. Upon request of a party or witness and with consent of ASI, or the arbitrator if one has been appointed, a witness may appear at trial by telephone, on such conditions as ASI or the arbitrator shall direct. The witness shall be sworn in by the arbitrator, be examined and cross examined, and the arbitrator shall give such weight to the testimony as the arbitrator shall deem appropriate. A request to appear by telephone by a witness must be made at least 7 days prior to the trial on notice to adverse parties. A witness must have a telecopier available to receive documents while testifying by telephone appearance. Witnesses appearing by telephone shall be responsible for telephone connection arrangements acceptable to the arbitrator and any expense in connection with such appearance. A witness contesting the authenticity of a document or a signature on a document may not appear by telephone.

**26. Inspection**

An arbitrator may make an inspection of personal or real property after notifying ASI and parties of the date, time and place of the inspection. The arbitrator shall file a report of the inspection with ASI who shall furnish copies to the parties. The parties shall be entitled to be present when the inspection is made and to file with the arbitrator comments to the report.

**27. Interim and Injunctive Relief**

a. Interim Relief. Upon request of a party, the arbitrator may issue such interim orders as may be deemed necessary and equitable to maintain the status quo of the parties and safeguard the property that is the subject matter of the arbitration, without prejudice to the rights of the parties or to the final determination of the dispute. A party who fails to comply with such interim order shall be deemed in default in the arbitration proceeding and the arbitration hearing may take place without such defaulting party's participation, or upon such other conditions the arbitrator deems appropriate.

b. Injunctive Relief. Upon the commencement of the arbitration proceeding either party may seek emergency injunctive relief. If an arbitrator has not yet been appointed in the proceeding the Administrator shall designate and appoint an Interim Arbitrator who shall all of the powers of an arbitrator in the case and shall continue to serve as single arbitrator until an Arbitrator is appointed pursuant to Rule 11 of these rules. The Interim Arbitrator may qualify as Arbitrator if appointed pursuant to Rule 11. If an Arbitrator has been appointed in the case then the application for emergency injunctive relief shall be made to the Arbitrator.

c. Enforcement of Interim Relief. A party who is awarded Interim Relief may enforce the Interim Award by seeking additional relief, including payment of attorney fees and monetary damages for a party's failure to comply with an Interim Award. A party may also seek enforcement of an Interim Award, including injunctive relief, by application to a court of competent jurisdiction. A court award shall include an award of attorney fees for the emergency application to the arbitrator and for enforcement in court, and appropriate damages for a party's failure to comply with an Interim Award. A party's failure to comply with an Interim Award shall constitute contempt and the appropriate award for such contempt may be made by the Arbitrator or Court before whom the application is made.

**28. Closing Of Hearing**

The hearings shall be deemed closed upon the completion of the testimony and filing of any post memoranda or papers permitted by the arbitrator.

**29. Reopening Of Hearing**

Any time prior to rendering the award the arbitrator may reopen a hearing to receive additional testimony or evidence sua sponte, or upon request of a party for good cause shown and upon such other conditions the arbitrator deems appropriate. A request to reopen a hearing made by a party shall be filed with ASI and must be filed with the appropriate filing fee as provided in the schedule of fees herein to be considered. If reopened, a hearing shall be deemed closed upon the closing of the reopened hearing.

**30. Waiver Of Oral Hearing**

The parties may provide, by written agreement, for the waiver of oral hearing in any case, in which case the arbitrator may make an award based on written submission by the parties deemed acceptable and satisfactory by the arbitrator. In the event a Respondent fails to appear in the proceeding, or a party who has appeared thereafter defaults, the arbitrator may make an award based on such written papers, including affidavits from parties with personal knowledge of the facts, as the arbitrator deems appropriate.

**31. Waiver Of Rules**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing to ASI promptly shall be deemed to have waived the right to object.

**32. Extensions Of Time**

The parties, with consent of ASI or the arbitrator if one has been appointed and upon such conditions as ASI or the arbitrator may impose, may modify any period of time by mutual agreement. The ASI or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The ASI shall notify the parties of any extension.

**33.   Serving Notices And Papers**

    a.   Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith; or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party or its counsel at the address filed by that party with ASI or the last known address or by personal service, in or outside the state where the arbitration is to be held.

    b.   ASI and the parties may also use facsimile transmission, e-mail, or other written forms of electronic communication to give the notices required by these rules.

    c.   Any papers filed by a party with ASI must show by affidavit or certification by counsel that service has been made on the other parties.

**34.   Time Of Award**

    a.   The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than fifteen days from the date of closing the hearing, or, if oral hearings have been waived, from the date of ASI's transmittal of the final statements and proofs to the arbitrator.

    b.   At ASI's discretion, no award shall be made until all fees owed ASI and the arbitrator have been paid.

**35.   Form Of Award**

The award shall be in writing and shall be signed by the single arbitrator or if more than one a majority of the arbitrators.

**36.   Scope Of Award**

The award may include monetary as well as equitable relief so as to achieve substantial justice. The award shall not include relief specifically prohibited by the arbitration agreement or the law of the jurisdiction in which the arbitration is venued, or the law of the jurisdiction governing the arbitration if other than the jurisdiction of the venue, or stipulation of the parties. Notwithstanding the foregoing, the arbitrator shall be permitted to award to a party counsel fees, expert witness fees, ASI and arbitration fees and expenses incurred in the arbitration for costs and disbursements in connection with discovery or the hearing.

**37.   Award Upon Settlement**

If the parties settle their dispute during the course of the arbitration, the arbitrator may, upon request of the parties, reduce the stipulation to an award.

**38.   Delivery Of Award To Parties and Confirmation of Award**

(a) Parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its counsel at the last known address, personal service of the award, or the filing of the award in any other manner that is permitted by law. (b) The parties shall comply with the award within 10 days unless additional or other time is specified in the award. (c) If a party fails to timely comply with the award, a party commencing a proceeding in a court of law to confirm or enforce the award shall be entitled to additional counsel fees for post arbitration proceedings as the court may deem appropriate. (d) Service of process in any action or proceeding to confirm an award may be made by United States Postal mail, postage paid, addressed to the attorney appearing for any party in the arbitration proceeding or addressed to the party at the address designated in the arbitration agreement, or by any other manner of service authorized by the law of the jurisdiction.

**39.   Release Of Documents For Judicial Proceedings**

ASI shall, upon the written request of a party, furnish to the party, at the requesting party's expense, certified copies of any papers in ASI's possession that may be required in judicial proceedings relating to the arbitration.

**40.   Applications To Court And Exclusion Of Liability**

  a.   No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate unless the law of such jurisdiction deems voluntary participation in judicial proceedings to be a waiver of the right to arbitrate.

  b.   Neither ASI nor any arbitrator in a proceeding under these rules is a necessary or appropriate party in judicial proceedings relating to the arbitration.

  c.   Parties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

  d.   Neither ASI nor any arbitrator shall be liable to any party for any act, commission or omission in connection with any arbitration conducted under these rules.

  e.   The parties shall indemnify and hold ASI and the arbitrator harmless from and against any claim, cause of action, expense, including counsel, expert witness fees and expenses, relating to the arbitration proceeding and/or defense of any action.

**41.   Administrative Fee**

  a.   ASI shall prescribe filing and other administrative fees and service charges to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable.

  b.   All fees advanced by the parties are subject to final apportionment by the arbitrator in the award.

  c.   ASI may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

  d.   Administrative fees are for each claimant and each counterclaimant. Claims or counterclaims setting forth multiple claims or theories of causes of action for the same relief are not considered separate claims for fee purposes.

**42.   Schedule Of Fees**

    a.   Claim or counterclaim up to  $5,000....................................$125

    b.   Claim or counterclaim over $5,000 and up to  $10,000........$150

    c.   Claim or counterclaim over $10,000 and up to  $15,000......$175

   d. Claim or counterclaim over $15,000 and up to $20,000......$200

e. Claim or counterclaim over $20,000 and up to $25,000......$225

f. Claim or counterclaim over $25,000..........one percent of amount claimed, up to a maximum of $65,000.00

g. Reopening closed hearing..................................................$200

**43. Expenses**

The expenses of witnesses and interpreters for such witness shall be paid by the party producing or requesting such witnesses. All other expenses of the arbitration, including a hearing room, required travel and other expenses of the arbitrator, ASI representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator during the arbitration in the award assesses such expenses or any part thereof against any specified party or parties.

**44. Arbitrator's Compensation**

Arbitrators shall receive compensation as set forth herein. An arbitrator shall charge a rate consistent with the arbitrator's stated rate of compensation. The amount charged by each arbitrator shall be specified with the information about such arbitrator when the list of panel members is sent to parties for arbitration selection, or shall be filed with ASI and made available upon request of a party. If no specific fee is requested in the panel member's profile then the arbitrator's hourly fee shall be established and fixed by ASI at time of assignment. Arbitrators shall be compensated for preparation, review and hearing time. Invoicing the parties and collecting the arbitrator's compensation shall be performed by ASI. Any disputes regarding an arbitrator's compensation shall be determined by ASI, which determination shall be conclusive.

**45. Deposits**

ASI will require the parties to deposit in advance of any hearing such sums of money as ASI deems necessary to cover the expense of arbitration, including the arbitrator’s fee and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case. Failure to pay the deposit shall constitute a default.

**46. Interpretation And Application Of Rules**

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator, the chairman shall make the ruling, subject to overruling by both of the other two arbitrators. Any dispute which cannot be resolved by the arbitrator shall be referred by the arbitrator or the parties to ASI for final interpretation and resolution. All other rules shall be interpreted and applied by ASI.

**47. Notice By Telephone**

The parties shall accept all notices from ASI by telephone and/or e-mail Such notices by ASI shall subsequently be confirmed in writing, by mail or fax to the parties. Should there be a failure to confirm in writing any notice hereunder, the proceeding shall nonetheless be valid if notice has, in fact, been given by telephone and/or e-mail.

Arbitration Services, Inc. - Allan Pullin, Esq. - Tel: 516-364-1730, Fax: 516-364-3456
7600 Jericho Turnpike, Suite 402, Woodbury, NY 11797 -- eMail: administrator@arbitrationservicesinc.com
Copyright (C) 2007-2012 ARBITRATION SERVICES, INC. (Successor by merger with National Arbitration, Inc.)
Site content text, descriptions, service information etc., Client Copyright 2012. Do not reproduce without permission.

Content rich web site design and maintenance: CJSWebWorks.com - e-mail: info@cjswebworks.com